IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 20-79 |
| JUSTIN JULIETTE | |

FILED
MAY 19 2020
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Brian M. Czarnecki, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned a three-count indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Unlawful Possession of a Machinegun<br><br>On or about March 19, 2019 | 18 U.S.C. § 922(o)(1) |
| 2 | Smuggling Goods into the United States<br><br>In and around March 2019 | 18 U.S.C. § 545 |
| 3 | Possession of a Firearm and Ammunition by an Unlawful Drug User<br><br>On or about March 19, 2019 | 18 U.S.C. § 922(g)(3) |

## II. ELEMENTS OF THE OFFENSES

A. As to Count 1:

In order for the crime of Unlawful Possession of a Machinegun, in violation of 18 U.S.C. § 922(o)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. The defendant, on or about the date set forth in the Indictment, possessed the firearm described in the Indictment.

> United States v. Beason, 690 F.2d 439 (5th Cir. 1982), cert. denied, 103 S. Ct. 828 (1983); United States v. Henderson, 482 F.2d 558 (8th Cir. 1973); United States v. Cserna, 110 F.3d 70 (9th Cir. 1997); United States v. Huerta, 78 F.3d 595 (9th Cir. 1996).

2. The firearm identified in the Indictment was, on the date charged in the Indictment, a machinegun as defined in Title 18, United States Code, Section 921(a)(23) and Title 26, United States Code, Section 5845(b).

> United States v. Fleischli, 2002 WL 31029282 (7th Cir. 2002).

3. The defendant knowingly possessed the firearm.

> United States v. Runyon, 621 F.2d 317 (8th Cir. 1980); United States v. DeBartolo, 482 F.2d 312 (1st Cir. 1973); United States v. Aldape, 28 F.3d 113 (10th Cir. 1994).

4. The defendant knew that the characteristics of the firearm he possessed met the statutory definition of a "machinegun."

> Staples v. United States, 511 U.S. 600 (1994); United States v. Palmieri, 21 F.3d 1265 (3d Cir.), vacated 513 U.S. 957 (1994), on remand 46 F.3d 5 (3d Cir. 1995).

**B.     As to Count 2:**

In order for the crime of Smuggling Goods into the United States, in violation of 18 U.S.C. § 545, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. The defendant knowingly or fraudulently imported Glock Auto Switch devices into the United States;

2. The defendant's importation was contrary to law; and

3. The defendant knew the importation of the Glock Auto Switch devices was contrary to law.

**C.     As to Count 3:**

In order for the crime of Possession of a Firearm and Ammunition by an Unlawful Drug User, in violation of 18 U.S.C. § 922(g)(3), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. The defendant knowingly possessed the firearm and/or ammunition described in Count 3 of the Indictment;

2. At the time of the charged act, the defendant was an unlawful user of a controlled substance as defined in 21 U.S.C. § 802;

3. At the time of the charged act, the defendant knew that he was an unlawful user of a controlled substance; and

4. The defendant's possession was in or affecting interstate or foreign commerce.

Third Circuit Model Criminal Jury Instruction 6.18.922G (modified).

## III. PENALTIES

**A.** **As to Counts 1 and 3: Unlawful Possession of a Machinegun (18 U.S.C. § 922(o)(1)) and Possession of a Firearm and Ammunition by an Unlawful Drug User (18 U.S.C. § 922(g)(3)):**

1. A term of imprisonment of not more than ten years (18 U.S.C. § 924(a)(2); 26 U.S.C. §5861(d));

2. A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3));

3. A term of supervised release of not more than three years (18 U.S.C. § 3583).

**B.** **As to Count 2: Smuggling Goods into the United States (18 U.S.C. § 545):**

1. A term of imprisonment of not more than twenty years (18 U.S.C. § 545);

2. A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3));

3. A term of supervised release of not more than three years (18 U.S.C. § 3583).

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution is not applicable in this case.

## VI. **FORFEITURE**

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney


*/s/ Brian M. Czarnecki*
BRIAN M. CZARNECKI
Assistant U.S. Attorney
DC ID No. 1047275